**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ELLIOT WINTER, <br> and, <br> ALEXANDRIA HURLBURT, <br>                 Plaintiffs, <br>    v. <br> FACEBOOK, INC., <br> and, <br> TIKTOK INC., TIKTOK PTE. LTD., <br> BYTEDANCE LTD., and BYTEDANCE INC., <br> and, <br> MONICA DOLAN, <br>                 Defendants. | Case No. 4:21-cv-1046 <br><br> St. Louis City, Missouri <br> Case No. 2122-CC08817 <br><br> Jury Trial Demanded |

**NOTICE OF REMOVAL**

Defendant Facebook, Inc. ("Facebook") hereby gives notice of the removal of a civil action, Case No. 2122-CC08817, from the Circuit Court of St. Louis City, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division.  Removal of this action is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 for the reasons set forth below.

**INTRODUCTION**

1. On or about July 9, 2021, Plaintiffs Elliot Winter and Alexandria Hurlburt ("Plaintiffs") filed the Complaint against Defendants Facebook; TikTok Inc., TikTok Pte. Ltd., Bytedance Ltd., and Bytdance Inc. ("TikTok"); and Monica Dolan in the above referenced action in the Circuit Court of St. Louis City, Missouri, where it is currently pending.  (*See* Complaint and Summons, attached as Exhibit A; Complete State Court File, attached as Exhibit D).

2. In the Complaint, Plaintiffs assert that Defendant Dolan "engaged in a pattern of behavior that resulted in the harassment of the Plaintiffs on her social media accounts" and that "[a]s a direct and proximate cause of Facebook and TikTok's failure to take down [] false abusive

1

posts and/or posts containing [P]laintiffs [sic] personal identifying information for the purposes of stalking and harassment, [P]laintiffs sustained damages in an amount in excess of 500,000.00." (Compl. ¶¶ 9, 97.)

3. Removal of this action from the Circuit Court of St. Louis City, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

4. First, removal is timely under 28 U.S.C. § 1446(b)(1) because it is being filed within thirty (30) days after the receipt of the Complaint and Summons in this action by Facebook. (*See* Declaration of Facebook Employee Jenny Pricer ¶ 2, attached as Exhibit B; Ex. A.)

5. Second, the United States District Court for the Eastern District of Missouri, Eastern Division, is the appropriate venue for removing an action from the Circuit Court of St. Louis City, Missouri, where the state action is pending under 28 U.S.C. § 1441(a) and 28 U.S.C. § 115.

6. Next, this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a). According to the Complaint itself, both Plaintiffs are Missouri citizens and no defendant is a Missouri citizen, which establishes complete diversity of citizenship. (Compl. ¶¶ 1-4.) And the complaint alleges that the amount in controversy exceeds the statutory requirement of over $75,000, exclusive of interest and costs. (*Id.* at ¶ 97.)

7. Finally, Facebook is complying with all procedural requirements in filing this Notice of Removal.

1735144

## TIMELINESS OF REMOVAL

8. Facebook was served with the Complaint and Summons on July 21, 2021. (Ex. B ¶ 2.) This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is being filed within thirty (30) days after the receipt of the Summons and Complaint in this action by Facebook. (*See id.*; Ex. A.)

## PLACE OF REMOVAL

9. The United States District Court for the Eastern District of Missouri, Eastern Division, is the appropriate venue for removing an action from the Circuit Court of St. Louis City, Missouri, where the state action is pending. 28 U.S.C. § 1441(a); 28 U.S.C. § 115.

## DIVERSITY OF CITIZENSHIP

10. This Court has original diversity jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the real parties in interest and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Plaintiffs allege that "at all times relevant" they are residents of the City of St. Louis, Missouri. (Compl. ¶ 2.) It can therefore be inferred that Plaintiffs are, and were at all relevant times, domiciled in Missouri. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Maple Island Farm v. Bitterling*, 196 F.2d 55, 58 (8th Cir. 1952) (same). As such, based on the allegations in the Complaint, Plaintiffs are citizens of Missouri. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992) (noting that citizenship and domicile are synonymous for purposes of § 1332).

12. Facebook is, and was at all relevant times, a Delaware corporation with its principal place of business located in the state of California. (*See* Ex. B ¶ 3). Facebook is

1735144

therefore a citizen of Delaware and California.  28 U.S.C. § 1332(c)(1) (a corporation has the citizenship of its state of incorporation and its principal place of business).

13. Plaintiffs allege in the Complaint that Defendant TikTok "at all times relevant" is incorporated within the State of Delaware with its principal place of business in China.  (Compl. ¶ 3.)  Under 28 U.S.C. § 1332(c)(1), a corporation has the citizenship of its state of incorporation and its principal place of business.  Thus, based on the allegations in the complaint, TikTok is a citizen of Delaware and China.

14. Plaintiffs allege in the Complaint that Defendant Monica Dolan "is [] currently [a] resident" of the state of Washington.  (*Id.* at ¶ 4.)  It can therefore be inferred that Ms. Dolan is, and was at all relevant times, domiciled in Washington.  *See Murphy*, 314 U.S. at 455; *Maple Island Farm*, 196 F.2d at 58.  As such, based on the allegations in the complaint, Ms. Dolan is a citizen of Washington.  *Sheehan*, 967 F.2d at 1215; *see also Blakemore v. Missouri Pac. R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986) (noting that "[d]iversity of citizenship is to be determined at the time the complaint is filed").

15. Because the Complaint alleges that Plaintiffs are citizens of Missouri and no defendant is a citizen of Missouri, there is complete diversity of citizenship between all plaintiffs and all defendants.

## AMOUNT IN CONTROVERSY

16. Plaintiffs seek damages "in an amount in excess of $500,000.00," exclusive of interest and costs.  (Compl. ¶ 97).  The amount in controversy therefore exceeds the $75,000.00 threshold, exclusive of interests and costs, as required by 28 U.S.C. § 1332(a).

1735144

## **PROCEDURAL COMPLIANCE**

17. As of the date of the filing of this Notice of Removal, no Summons has been issued for TikTok Pte. Ltd., Bytedance Ltd., and Bytdance Inc. (*See* Declaration of Evan Reid ¶ 2, attached as Exhibit C.) As such, Facebook is not required under 28 U.S.C. § 1446(b)(2)(A) to seek the consent of any of these three entities to file this Notice of Removal.

18. As of the date of the filing of this Notice of Removal, TikTok Inc. has been served with the Complaint and Summons. (*See id.* at ¶ 3.) Under 28 U.S.C. § 1446(b)(2)(A), Facebook has sought TikTok Inc.'s consent to file this Notice of Removal. (*See id.*) TikTok Inc. joins in and consents to the removal of this action. (*See id.*)

19. As of the date of the filing of this Notice of Removal, Monica Dolan has not been served with the Complaint or Summons. (*See id.* at ¶ 4.) As such, Facebook is not required under 28 U.S.C. § 1446(b)(2)(A) to seek Ms. Dolan's consent to file this Notice of Removal.

20. By filing this Notice of Removal, Facebook does not intend to waive—and thus hereby reserves—any objection as to service, personal jurisdiction, and all other defenses.

21. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal to United States District Court is being filed with the Circuit Court of St. Louis City, Missouri. This Notice of Removal is being served on Plaintiffs on this date.

22. In accordance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Facebook are attached as part of Exhibit A.

## **CONCLUSION**

23. The prerequisites for removal under 28 U.S.C. §§ 1332, 1441, and 1446 have been met. If any questions arise as to the propriety of the removal of this action, Facebook

1735144

requests the opportunity to present a brief, oral argument, and further evidence as necessary in support of its position that this case is removable to this Court.

**WHEREFORE**, Facebook removes this case to the United States District Court for the Eastern District of Missouri, Eastern Division, being the District and Division for the county in which this action is pending, and respectfully requests that the filing of this Notice of Removal in this Court and with the Circuit Court of St. Louis City, Missouri shall effect removal of this suit to this Court, and that no further proceedings be had in this case in the Circuit Court of St. Louis City, Missouri.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: August 20, 2021

By: /s/ Evan Z. Reid
Evan Z. Reid, #51123MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone:  314-444-7889
Facsimile:  314-612-7889
ereid@lewisrice.com
*Attorney for Defendant Facebook, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of Court and served via e-mail on this 20th day of August, 2021 to:

Derek Robert Haake
Howard Haake LLC
511 W. Pearce Blvd.
Wentzville, MO 63385
derek@howardhaake.com
*Attorneys for Plaintiffs*

/s/ Evan Z. Reid

1735144