# Exhibit A

**2122-CC08817**

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**STATE OF MISSOURI**

| | |
|---|---|
| ELLIOT WINTER, | ) |
| | ) |
| and, | ) |
| | ) |
| ALEXANDRIA HURLBURT, | ) |
| | ) |
|      Plaintiffs, | ) |
| | )    Cause No.: |
| v. | ) |
| | )    Division: |
| FACEBOOK, INC., | ) |
|   **Serve Registered Agent:** | ) |
|   CSC-Lawyers Incorporating Service Co. | ) |
|   221 Bolivar Street | ) |
|   Jefferson City, Missouri 65101 | ) |
| | ) |
| and, | ) |
| | ) |
| TIKTOK INC., TIKTOK PTE. LTD., | ) |
| BYTEDANCE LTD., and BYTEDANCE INC., | )          ) |
|   **Serve Registered Agent:** | )   **DEMAND FOR JURY TRIAL** |
|   Corporation Service Company | ) |
|   251 Little Falls Drive | ) |
|   Wilmington, Delaware 19808 | ) |
| | ) |
| and, | ) |
| | ) |
| MONICA DOLAN, | ) |
|   **Serve Party at:** | ) |
|   15914  44th W. Ave. | ) |
|   Apt. D102 | ) |
|   Lynnwood, WA 98087 | ) |
| | ) |
|      Defendants. | ) |

**PETITION FOR DAMAGES**

COMES NOW, Plaintiffs, Elliot Winter (hereinafter "Mr. Winter"), and Alexandria

Hurlburt (hereinafter "Ms. Hurlburt") by and through counsel, Derek R. Haake, and for their

Petition for Damages against Defendants, Facebook, Inc. (hereinafter "Facebook"), TikTok Inc.,

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

TikTok Pte. Ltd.,ByteDance, Ltd., and ByteDance, Inc., (hereinafter "TikTok"), and Monica Dolan (hereinafter "Ms. Dolan") and states to the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1)  Plaintiffs, Mr. Winter and Ms. Hurlburt, at all times relevant herein, are residents of the City of St. Louis, State of Missouri.

2)  Defendant, Facebook, at all times relevant herein, is a foreign corporation licensed to do business in the State of Missouri, incorporated within the State of Delaware with its principal place of business located at 1601 Willow Road, Menlo Park, California 94025 and does normal business in the State of Missouri with continual contacts within the jurisdiction of St. Louis City, Missouri.

3)  Defendant, TikTok, at all times relevant herein, is a foreign corporation not licensed to do business in the State of Missouri, incorporated within the State of Delaware with its principal place of business located at Room 501, 5th Floor, Xinaote Science and Technology Building, 131 West Fourth Ring North Road, Haidian District, Beijing, People's Republic of China 100086, and does normal business in the State of Missouri with continual contacts within the jurisdiction of St. Louis City, Missouri.

4)  Defendant, Ms. Dolan, is a currently resident of the Snohomish County, State of Washington.

5)  Jurisdiction and venue are proper in this Court because the causes of action asserted herein accrued in St. Louis City, Missouri, where the Defendants have continual contacts or have committed tortious acts within the State of Missouri; pursuant to Missouri Revised Statutes § 508.010 and § 506.500.1(3), respectively.

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

**FACTUAL ALLEGATIONS TO ALL COUNTS**

6)  On or about October 1 2020, Ms. Dolan and her group of other social media influencers, personalities, or other similarly situated individuals (hereinafter "Influences") began defaming Plaintiffs on social media.

7)  Ms. Dolan directly or indirectly and her Influencers posted private, intimate details of Plaintiffs on social media, including personal sexual habits, Plaintiff's addresses, phone numbers and other personal information about Plaintiffs at this time.

8)  Ms. Dolan or her Influencers did not have authorization to post Plaintiffs personal and otherwise confidential information at this time on social media.

9)  Ms. Dolan and her Influencers further engaged in a pattern of behavior that resulted in the harassment of the Plaintiffs on her social media accounts beginning in March of 2021.

10) Ms. Dolan further left her residence in Washington and as of the date of the filing of this Petition is presently residing in the State of Missouri for the sole purpose to harass, chastise and engage in other illegal conduct to damage Plaintiff in this lawsuit.

11) Ms. Dolan directly, or through influence of others defaced the entire block of 1600 locust including the Plaintiffs apartment building, the St Louis Film Library, Sidewalk, Parking Meters, Street Signs, Dumpsters and more with false and/or threatening messages

12) Ms. Dolan and her Influencers directly conspired to create a false narrative in an effort to defame, harass, emotionally torment, and affect the business/health of the plaintiffs

13) Ms. Dolan and her Influencers on more than one occasion incited and/or suggested violent action be taken against Plaintiffs

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

14) Ms. Dolan and her Influencers directly or indirectly harassed the plaintiffs, their family members, supporters and friends in and order to further cause harm to plaintiffs and/or silence those who countered her and group's false statements

15) Ms. Dolan directly resulted in Mr. Winter's termination from his employer and subsequently the loss of the plaintiffs health insurance

16) Ms. Dolan and her Influencers directly affected two businesses owned by Plaintiffs resulting in a massive and ongoing financial loss

17) Ms. Dolan and her Influencers directly contacted multiple parties in an attempt to further their harassment of Plaintiffs and cause Plaintiffs further and substantial injury.

18) Ms. Dolan and her Influencers made multiple efforts to directly or indirectly benefit financially from their campaign.

19) Ms. Dolan and her Influencers made thousands of false, harassing, defamatory or otherwise damaging posts against plaintiffs on multiple social media accounts.

20) Ms. Dolan and her Influencers stalked plaintiffs across social media and in person on multiple occasions including efforts to circumvent privacy measures put in place by plaintiffs.

21) Ms. Dolan and her Influencers illegally recorded and rebroadcast footage from private or otherwise protected sources for the purposes of harassment of Plaintiffs and cause Plaintiffs further and substantial injury.

22) Ms. Dolan falsely represented herself as working for/with the FBI for the purposes of attempting to add legitimacy to her harassment.

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

23) TikTok wrongfully removed plaintiffs social media accounts after false mass reporting from Monica Dolan and group and subsequently refused to reinstate said account despite being provided proof of the actions of Monica Dolan and Group

24) TikTok refused to remove dangerous, harassing, defaming and other content/accounts posted/held by Ms. Dolan and her Influencers despite multiple contact attempts including being provided proof of all infractions and their directly corresponding correlation to their Community Guidelines.  This includes but is not limited to content directly threatening and/or inciting violence against Plaintiffs.

25) Facebook refused to remove dangerous, harassing, defaming and other content/accounts posted/held by Monica Dolan and group despite multiple contact attempts and proof of their violations of community guidelines including direct threats and or incitement of violence against plaintiffs.

26) Plaintiffs further had their social media accounts wrongfully banned because of Dolan's accusations, resulting in a loss of substantial income from these social media accounts for Defendants.

**COUNT I**
**DEFAMATION - SLANDER**
**(MS. DOLAN)**

27) Plaintiffs reallege and incorporate by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts.

28) Ms. Dolan made public statements to multiple individuals that Mr. Winter was a rapist and a sex trafficker.

29) Examples of Ms. Dolan and her Influencers' statements include but are not limited to:

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

(a)  Plaintiffs are serial rapists with hundreds of victims;

(b)  Plaintiffs are serial rapists with thousands of victims;

(c)  Plaintiffs are murderers;

(d)  Plaintiffs are pedophiles and/or "Minor Attracted Persons";

(e)  Plaintiff is responsible for the death of Amber McCarter;

(f)  Plaintiff brought in/kidnapped runaways on multiple occasions;

(g)  Plaintiff is responsible for a claimed increase in missing children wherever he lived;

(h)  Plaintiff's book "Kaotik" is no longer sold because it is considered "child pornography";

(i)  Plaintiff drugged his ex-girlfriends;

(j)  Plaintiffs are sex traffickers;

(k)  Plaintiff chokes partners against their will and has killed people because of it and/or left them for dead;

(l)  Plaintiffs are physically abusive;

(m) Plaintiffs have prevented parties from leaving their home;

(n)  Plaintiffs have committed insurance fraud;

(o)  Plaintiffs have committed housing fraud;

(p)  Plaintiffs force others to engage in polyamory/BDSM against their will;

(q)  Plaintiffs have together and separately raped ex-girlfriends;

(r)  Plaintiffs have committed identity fraud;

(s)  Plaintiff used his career at Heartland Payment systems to find "victims";

(t)  Plaintiffs groom minors and or others; and

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

(u) Plaintiffs were to use their soap company to lure minors.

30) When making said statements, Ms. Dolan and her Influencers knew these allegations were false.

31) Ms. Dolan and her Influencers made these false statements only after plaintiffs began to grow a large social media presence finding success more so than that of herself and the group.

32) Due to Ms. Dolan's and her Influencers' public statements, Mr. Winter's and Ms. Hurlburt's reputations have been damaged, plaintiffs have lost significant income, Mr. Winter lost his job and subsequently his health insurance from Heartland Payment Systems, Mr. Winter's family, including his seven-year-old son, has received death threats, friends and associates of Plaintiffs have been directly and indirectly harassed on an ongoing basis by Ms. Dolan, her Influencers, and/or others acting directly or indirectly on their behalf.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt respectfully pray for judgment against Defendants, Monica Dolan, group, Facebook and TikTok for an amount in excess of $25,000.00; granting Plaintiffs mandatory injunctive relief requiring Ms. Dolan and the other Defendants to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting Plaintiffs prohibitory injunctive relief prohibiting Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating Plaintiffs private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT II
## DEFAMATION – LIBEL

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

**(MS. DOLAN)**

33) Plaintiffs reallege and incorporate by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

34) Ms. Dolan and her Influencers made public written statements to multiple individuals claiming that Mr. Winter was a rapist and sex trafficker.

35) Examples of Ms. Dolan and her Influencers's public written statements include but are not limited to:

(a) Plaintiffs are serial rapists with hundreds of victims;

(b) Plaintiffs are serial rapists with thousands of victims;

(c) Plaintiffs are murderers;

(d) Plaintiffs are comparable to Somali Pirates and/or Dictators in their number of victims and the atrocity of their actions;

(e) Plaintiffs are pedophiles and/or "Minor Attracted Persons";

(f) Plaintiff is responsible for the death of Amber McCarter;

(g) Plaintiff brought in/kidnapped runaways on multiple occasions;

(h) Plaintiff is responsible for a claimed increase in missing children wherever he lived;

(i) Plaintiff's book "Kaotik" is no longer sold because it is considered "child pornography";

(j) Plaintiff drugged his ex-girlfriends;

(k) Plaintiffs are sex traffickers;

(l) Plaintiff chokes partners against their will and has killed people because of it and/or left them for dead;

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

(m)Plaintiffs are physically abusive;

(n) Plaintiffs have prevented parties from leaving their home;

(o) Plaintiffs have committed insurance fraud;

(p) Plaintiffs have committed housing fraud;

(q) Plaintiffs force others to engage in polyamory/BDSM against their will;

(r) Plaintiffs have together and separately raped ex-girlfriends;

(s) Plaintiffs have committed identity fraud;

(t) Plaintiff used his career at Heartland Payment systems to find "victims";

(u) Plaintiffs groom minors and or others;

(v) Plaintiffs were to use their soap company to lure minors;

36) When making these public written statements, Ms. Dolan and her Influencers knew these allegations were false.

37) Ms. Dolan and her Influencers made these false statements without having any factual basis, and ultimately these statements are completely without merit.

38) Due to Ms. Dolan and her Influencers's public written statements, Mr. Winter's reputation has been damaged, Mr. Winter has lost significant income, Mr. Winter lost his job with Heartland Payment Systems, and Mr. Winter's family, including his seven-year-old son, has received death threats.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully pray for judgment against Defendant, Monica Dolan, for an amount in excess of $25,000.00; granting Mr. Winter mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting Mr. Winter prohibitory injunctive relief prohibiting Ms.

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating Mr. Winter's private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS CONTRACT AND EXPECTANCY
### (MS. DOLAN)

39) Plaintiffs reallege and incorporate by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

40) Mr. Winter had a valid contract and business expectancy with Geek Grooming to create, market and sell men's soap products.  This included a future appearance on Shark Tank

41) Mr. Winter had a valid contract and business expectancy with Heartland Payment Systems to sell financial services to small businesses.

42) Plaintiffs had a valid contract and business expectancy to act as social media influencers, content creators, advocates et al in reference to alternative relationships, LGTBQ, and BDSM related topics under Beast and the Belles LLC

43) Ms. Dolan and her Influencers had direct knowledge of plaintiffs' contract and business expectancy.

44) On or about October 1, 2020 Ms. Dolan and her Influencers began directly interfering with plaintiffs contract and business expectance in regards to Beast and the Belles LLC inducing a dramatic decline in income contrary to previous financial trends

45) On or about April 1, 2021 Ms. Dolan contacted Heartland Payment systems and intentionally interfered with the contract expectancy between Mr. Winter and Heartland

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

Payment systems and induced Heartland Payment systems to terminate its contract with Mr. Winter prior to the expiration of the contract.

46) On or about May 1, 2021, Ms. Dolan and her Influencers contacted Geek Grooming and intentionally interfered with the contract and business expectance between Mr. Winter and Geek Grooming and induced Geek Grooming to terminate its contract with Mr. Winter prior to the expiration of the contract.

47) Based on Ms. Dolan and her Influencers' defamatory and slanderous statements about Mr. Winter to Geek Grooming, to Heartland Payment Systems, as previously described in the Factual Allegations to all Counts and Counts I and Counts II respectively, Geek Grooming and Heartland Payment systems terminated their contract with Mr. Winter prior to the expiration of contract and Beast and the Belles LLC suffered continually increasing financial losses.

48) Ms. Dolan and her Influencers had no legal justification to contact Geek Grooming and entice Geek Grooming or Heartland Payment Systems to terminate the contract between itself and Mr. Winter.

49) Ms. Dolan and her Influencers had no legal justification to negatively affect the business, reputation or income of Beast and the Belles LLC.

50) As a direct and proximate cause of Ms. Dolan's interference with the contract between Geek Grooming and Heartland Payment Systems and Mr. Winter, in addition to the interference with Beast and the Belles LLC, Plaintiffs have suffered damages in excess of $25,000.00.

51) The actions of Ms. Dolan and her Influencers were willful, wanton, and malicious.

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully pray for judgment against Defendant, Monica Dolan, for an amount in excess of $25,000.00; granting Mr. Winter mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting Mr. Winter prohibitory injunctive relief prohibiting Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating Mr. Winter's private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

<div align="center">

**COUNT IV**
**INVASION OF PRIVACY: PUBLICATION OF PRIVATE FACTS**
**(MS. DOLAN)**

</div>

52) Plaintiffs reallege and incorporates by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

53) Through social media, absent any valid waiver or legitimate privilege, Ms. Dolan and her Influencers gave unwanted and unreasonable publicity to Mr. Winter and Alexandria Hurlburt's private matters and concerns.

54) Mr. Winter and Ms. Hurlburt are sufficiently identifiable as being the subject of Ms. Dolan's social media posts, which include several photographs of Mr. Winter and Alexandria Hurlburt and repeated reference to Mr. Winter and Alexandria Hurlburt's name, address, phone number and other identifying information.

55) The unreasonable publicity created by Ms. Dolan and her Influencers targets and focuses, in meaningful part, on private matters over which the public has no legitimate concern.

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

56) Ms. Dolan and her Influencers' social media posts include discussions of private events which do not touch the sphere of public interest, including but not limited to:

    (a)  Plaintiffs' home address;

    (b)  Plaintiffs' phone numbers;

    (c)  Plaintiffs' email addresses;

    (d)  Plaintiffs' family members names, addresses and phone numbers;

    (e)  Plaintiffs' seven (7) year old son's name and address;

    (f)  Disclosure publically of consensual sexual acts engaged in by Plaintiffs and others;

    (g)  Personal fetishes of Plaintiffs;

    (h)  Private romantic conversations of Plaintiffs; and

    (i)  Private photos and videos created by Plaintiffs for their personal use.

57) The private matters which Ms. Dolan publicized included the type that would bring shame or humiliation to a person of ordinary sensibilities in Mr. Winter's position.

58) The private facts which Ms. Dolan and her Influencers publicized included plaintiffs address, phone number, and/or other identifying information which would induce fear and emotional distress to a person of ordinary sensibilities in plaintiffs position.

59) Ms. Dolan and her Influencers disseminated these private facts through the Internet, reaching a large audience throughout the State of Missouri and worldwide.

60) Ms. Dolan and her Influencers' actions complained of herein are extreme and outrageous, going beyond all bounds of decency by unreasonably intruding into and exposing to the public intimate details of Plaintiff's life.

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

61) Ms. Dolan and her Influencers' actions complained of herein constitute a serious, unreasonable, unwarranted, and offensive interference with Mr. Winter's right to privacy.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully prays for judgment against Defendants, Monica Dolan and group, for an amount in excess of $25,000.00; granting Mr. Winter mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting plaintiffs prohibitory injunctive relief prohibiting Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating plaintiffs private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT V
## INVASION OF PRIVACY: FALSE LIGHT
## (MS. DOLAN)

62) Mr. Winter realleges and incorporates by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

63) Ms. Dolan and her Influencers' social media posts unreasonably place plaintiffs in a false light before the public.

64) Ms. Dolan and her Influencers' social media posts and other defamatory actions constitute a major misrepresentation of Plaintiffs character, history, activities, and beliefs.

65) The false light in which plaintiff has been placed would be highly offensive to a reasonable person.

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

66) At all times relevant, Ms. Dolan was and is aware that plaintiffs would reasonably be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity created by her social media posts and other defamatory actions.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully prays for judgment against Defendant, Monica Dolan, for an amount in excess of $25,000.00; granting plaintiffs mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting plaintiffs prohibitory injunctive relief prohibiting Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating plaintiffs private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (MS. DOLAN)

67) Plaintiffs reallege and incorporates by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts

68) Ms. Dolan and her Influencers intentionally and knowingly made false statements to the public, as previously described in Count I, Count II, Count III, Count IV, and Count V, respectively.

69) The actions and conduct of Defendants and group were extreme and outrageous.

70) The actions and conduct of Defendants were the cause of plaintiffs harm and damages, including but not limited to:

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

(a) Dolan contacting the Clinton County Showcase to spread her false information and false accusations that prevented Mr. Winters from performing Rock of Ages.

(b) Dolan contacting Looking Glass Playhouse to spread her false information and false accusations that prevented Mr. Winters from performing Rock of Ages.

(c) constant and persistent fear of violent action directly/or indirectly by Ms. Dolan, group, or someone who believed their false statements;

(d) re-emergence of Ms. Hurlburt's PTSD and other emotional distress being a former victim of stalking/harassment/violent threats;

(e) dramatic increase in Ms. Hurlburt's epilepsy (complicated by stress/exhaustion) causing further short term and potential long term harm and/or serious permanent harm up to and including potential fatal repercussions;

(f) resurgence of previous emotional trauma caused by the loss of a beloved friend of Mr. Winter to a drug overdose after Ms. Dolan falsely insinuated Mr. Winter was responsible on the anniversary of her death causing Mr. Winter to suffer an anxiety attack/emotional episode; and

(g) Plaintiffs needing counseling for potential long term side effects caused by the persistent fear of violence, being stalked.

71) As a direct and proximate cause of Ms. Dolan and her Influencers' actions and conduct, plaintiffs were damaged.

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully prays for judgment against Defendants, Monica Dolan and group, for an amount in excess of $25,000.00; granting plaintiffs mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting plaintiffs prohibitory injunctive relief prohibiting Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating plaintiffs private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT VII
## NEGLIGENCE PER SE: STALKING
## (MS. DOLAN)

72) Plaintiffs reallege and incorporate by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

73) The Missouri stalking, harassment, and unlawful posting of certain information over the internet laws are designed to protect citizens within the State of Missouri from individuals who stalk and harass.

74) Ms. Dolan and her Influencers violated Section 565.225 of the Missouri Revised Statutes, which restricts a person from disturbing or following with the intent of disturbing another person and making a threat communicated with the intent to cause the person who is the target of the threat reasonably fear for his safety or the safety of his family.

75) Plaintiffs are a member of the class of persons intended to be protected by this Statute.

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

76) Plaintiffs injuries were of a kind the statutes and ordinances were designed to prevent.

77) As a direct and proximate cause of the Defendant's violations of Missouri law, plaintiffs sustained injuries, loss of income, medical bills, pain and suffering, and other damages.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully prays for judgment against Defendants, Monica Dolan and group, for an amount in excess of $25,000.00; granting plaintiffs mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting plaintiffs prohibitory injunctive relief prohibiting Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating plaintiffs private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

<div align="center">

**COUNT VIII**
**NEGLIGENCE PER SE: HARASSMENT**
**(MS. DOLAN)**

</div>

78) Plaintiffs reallege and incorporates by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

79) The Missouri harassment laws are designed to protect citizens within the State of Missouri from individuals who stalk and harass.

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

80) Ms. Dolan and her Influencers violated Section 565.090 of the Missouri Revised Statutes, which restricts a person from engaging in any act with the purpose to cause emotional distress to another person.

81) Plaintiffs have suffered emotional distress as a result of Ms. Dolan's harassment and stalking.

82) Plaintiffs are a member of the class of persons intended to be protected by this Statute.

83) Plaintiff's injuries were of a kind the statutes and ordinances were designed to prevent.

84) As a direct and proximate cause of the Defendant's violations of Missouri law, plaintiffs sustained injuries, loss of income, medical bills, pain and suffering, and other damages.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully prays for judgment against Defendant, Monica Dolan, for an amount in excess of $25,000; granting plaintiffs mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting plaintiffs prohibitory injunctive relief prohibiting Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating plaintiffs private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

**COUNT IX**
**NEGLIGENCE PER SE: UNLAWFUL POSTING OF CERTAIN INFORMATION**
**OVER THE INTERNET**
**(MS. DOLAN)**

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

85) Plaintiffs reallege and incorporates by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

86) The Missouri unlawful posting of certain information over the internet laws are designed to protect citizens within the State of Missouri from individuals who stalk and harass.

87) Ms. Dolan and her Influencers violated Section 565.240 of the Missouri Revised Statutes, which restricts a person from posting certain information over the internet, including name, home address, Social Security number, or telephone number while intending to cause great bodily harm or death, or threatening to cause great bodily harm or death to such person.

88) Ms. Dolan and her Influencers intend and has threatened to cause great bodily harm to both Mr. Winter and his family.

89) Plaintiffs are a member of the class of persons intended to be protected by this Statute.

90) Plaintiffs injuries were of a kind the statutes and ordinances were designed to prevent.

91) As a direct and proximate cause of the Defendant's violations of Missouri law, Mr. Winter sustained injuries, loss of income, pain and suffering, and other damages.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully prays for judgment against Defendants, Monica Dolan and group, for an amount in excess of $25,000.00; granting plaintiffs mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting plaintiffs prohibitory injunctive relief prohibiting

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating plaintiffs private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

<div align="center">

**COUNT X**
**GROSS NEGLIGENCE**
**(FACEBOOK AND TIKTOK)**

</div>

92) Plaintiffs reallege and incorporate by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

93) Facebook and TikTok owed Mr. Winter a duty to take down any false abusive posts and/or any post containing personal identifying information of Mr. Winter for the purpose of stalking and harassment, including, but not limited to, plaintiffs address and phone number.

94) Facebook and TikTok breached said duty when both companies refused to take down any false abusive posts and/or any posts containing personal identifying information of Mr. Winter for the purpose of stalking and harassment, including, but not limited to, plaintiffs address and phone number.

95) But for Facebook and TikTok's failure to take down the false abusive posts and/or posts containing plaintiffs personal identifying information for the purposes of stalking and harassment, Plaintiffs have suffered a significant loss of reputation, significant loss of income, has received death threats against him and his family, including Mr. Winter's seven-year-old son, and has suffered severe emotional distress.

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM

96) Plaintiffs injuries were a foreseeable consequence of Facebook and TikTok's refusal to take down the false abusive posts and/or posts containing plaintiffs personal identifying information for the purposes of stalking and harassment.

97) As a direct and proximate cause of Facebook and TikTok's failure to take down the false abusive posts and/or posts containing plaintiffs personal identifying information for the purposes of stalking and harassment, plaintiffs sustained damages in an amount in excess of 500,000.00.

98) Facebook and TikTok's actions were willful, wanton, malicious, and without regard for the rights of plaintiffs.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully prays for judgment against Defendants, Facebook, Inc. and TikTok, for an amount in excess of 25,000.00; granting plaintiffs mandatory injunctive relief requiring Facebook and TikTok to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

HOWARD HAAKE, LLC

By: _____

Derek R. Haake, #64301

511 W. Pearce Blvd.
Wentzville, MO 63385
Office: (636) 332-5555
derek@howardhaake.com
*Attorney for Plaintiff*

Electronically Filed - City of St. Louis - July 09, 2021 - 11:16 PM



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2122-CC08817 |
| Plaintiff/Petitioner:<br>ELLIOT J WINTER<br><div style="text-align:right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>DEREK ROBERT HAAKE<br>511 W PEARCE BLVD<br>WENTZVILLE, MO 63385 |
| Defendant/Respondent:<br>FACEBOOK INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  FACEBOOK INC
               **Alias:**

CSC LAWYERS INC SERVICE CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*CITY OF ST LOUIS*

**COLE COUNTY, MO**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**July 13, 2021**

_____
Date

*Thomas Kloeppinger*
_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

_____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

<div align="center">

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

</div>

| | |
|---|---|
| ELLIOT WINTER, | ) |
| | ) |
| and, | ) |
| | ) |
| ALEXANDRIA HURLBURT, | ) |
| | ) |
|       Plaintiffs, | ) |
| | )    Cause No.: |
| v. | ) |
| | )    Division: |
| FACEBOOK, INC., | ) |
|     **Serve Registered Agent:** | ) |
|     CSC-Lawyers Incorporating Service Co. | ) |
|     221 Bolivar Street | ) |
|     Jefferson City, Missouri 65101 | ) |
| | ) |
| and, | ) |
| | ) |
| TIKTOK INC., TIKTOK PTE. LTD., | ) |
| BYTEDANCE LTD., and BYTEDANCE INC., | )          ) |
|     **Serve Registered Agent:** | )   **DEMAND FOR JURY TRIAL** |
|     Corporation Service Company | ) |
|     251 Little Falls Drive | ) |
|     Wilmington, Delaware 19808 | ) |
| | ) |
| and, | ) |
| | ) |
| MONICA DOLAN, | ) |
|     **Serve Party at:** | ) |
|     15914 44th W. Ave. | ) |
|     Apt. D102 | ) |
|     Lynnwood, WA 98087 | ) |
| | ) |
|     Defendants. | ) |

<div align="center">

**PETITION FOR DAMAGES**

</div>

COMES NOW, Plaintiffs, Elliot Winter (hereinafter "Mr. Winter"), and Alexandria Hurlburt (hereinafter "Ms. Hurlburt") by and through counsel, Derek R. Haake, and for their Petition for Damages against Defendants, Facebook, Inc. (hereinafter "Facebook"), TikTok Inc.,

TikTok Pte. Ltd.,ByteDance, Ltd., and ByteDance, Inc., (hereinafter "TikTok"), and Monica Dolan (hereinafter "Ms. Dolan") and states to the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1)  Plaintiffs, Mr. Winter and Ms. Hurlburt, at all times relevant herein, are residents of the City of St. Louis, State of Missouri.

2)  Defendant, Facebook, at all times relevant herein, is a foreign corporation licensed to do business in the State of Missouri, incorporated within the State of Delaware with its principal place of business located at 1601 Willow Road, Menlo Park, California 94025 and does normal business in the State of Missouri with continual contacts within the jurisdiction of St. Louis City, Missouri.

3)  Defendant, TikTok, at all times relevant herein, is a foreign corporation not licensed to do business in the State of Missouri, incorporated within the State of Delaware with its principal place of business located at Room 501, 5th Floor, Xinaote Science and Technology Building, 131 West Fourth Ring North Road, Haidian District, Beijing, People's Republic of China 100086, and does normal business in the State of Missouri with continual contacts within the jurisdiction of St. Louis City, Missouri.

4)  Defendant, Ms. Dolan, is a currently resident of the Snohomish County, State of Washington.

5)  Jurisdiction and venue are proper in this Court because the causes of action asserted herein accrued in St. Louis City, Missouri, where the Defendants have continual contacts or have committed tortious acts within the State of Missouri; pursuant to Missouri Revised Statutes § 508.010 and § 506.500.1(3), respectively.

## FACTUAL ALLEGATIONS TO ALL COUNTS

6) On or about October 1 2020, Ms. Dolan and her group of other social media influencers, personalities, or other similarly situated individuals (hereinafter "Influences") began defaming Plaintiffs on social media.

7) Ms. Dolan directly or indirectly and her Influencers posted private, intimate details of Plaintiffs on social media, including personal sexual habits, Plaintiff's addresses, phone numbers and other personal information about Plaintiffs at this time.

8) Ms. Dolan or her Influencers did not have authorization to post Plaintiffs personal and otherwise confidential information at this time on social media.

9) Ms. Dolan and her Influencers further engaged in a pattern of behavior that resulted in the harassment of the Plaintiffs on her social media accounts beginning in March of 2021.

10) Ms. Dolan further left her residence in Washington and as of the date of the filing of this Petition is presently residing in the State of Missouri for the sole purpose to harass, chastise and engage in other illegal conduct to damage Plaintiff in this lawsuit.

11) Ms. Dolan directly, or through influence of others defaced the entire block of 1600 locust including the Plaintiffs apartment building, the St Louis Film Library, Sidewalk, Parking Meters, Street Signs, Dumpsters and more with false and/or threatening messages

12) Ms. Dolan and her Influencers directly conspired to create a false narrative in an effort to defame, harass, emotionally torment, and affect the business/health of the plaintiffs

13) Ms. Dolan and her Influencers on more than one occasion incited and/or suggested violent action be taken against Plaintiffs

14) Ms. Dolan and her Influencers directly or indirectly harassed the plaintiffs, their family members, supporters and friends in and order to further cause harm to plaintiffs and/or silence those who countered her and group's false statements

15) Ms. Dolan directly resulted in Mr. Winter's termination from his employer and subsequently the loss of the plaintiffs health insurance

16) Ms. Dolan and her Influencers directly affected two businesses owned by Plaintiffs resulting in a massive and ongoing financial loss

17) Ms. Dolan and her Influencers directly contacted multiple parties in an attempt to further their harassment of Plaintiffs and cause Plaintiffs further and substantial injury.

18) Ms. Dolan and her Influencers made multiple efforts to directly or indirectly benefit financially from their campaign.

19) Ms. Dolan and her Influencers made thousands of false, harassing, defamatory or otherwise damaging posts against plaintiffs on multiple social media accounts.

20) Ms. Dolan and her Influencers stalked plaintiffs across social media and in person on multiple occasions including efforts to circumvent privacy measures put in place by plaintiffs.

21) Ms. Dolan and her Influencers illegally recorded and rebroadcast footage from private or otherwise protected sources for the purposes of harassment of Plaintiffs and cause Plaintiffs further and substantial injury.

22) Ms. Dolan falsely represented herself as working for/with the FBI for the purposes of attempting to add legitimacy to her harassment.

23) TikTok wrongfully removed plaintiffs social media accounts after false mass reporting from Monica Dolan and group and subsequently refused to reinstate said account despite being provided proof of the actions of Monica Dolan and Group

24) TikTok refused to remove dangerous, harassing, defaming and other content/accounts posted/held by Ms. Dolan and her Influencers despite multiple contact attempts including being provided proof of all infractions and their directly corresponding correlation to their Community Guidelines.  This includes but is not limited to content directly threatening and/or inciting violence against Plaintiffs.

25) Facebook refused to remove dangerous, harassing, defaming and other content/accounts posted/held by Monica Dolan and group despite multiple contact attempts and proof of their violations of community guidelines including direct threats and or incitement of violence against plaintiffs.

26) Plaintiffs further had their social media accounts wrongfully banned because of Dolan's accusations, resulting in a loss of substantial income from these social media accounts for Defendants.

## COUNT I
## DEFAMATION - SLANDER
## (MS. DOLAN)

27) Plaintiffs reallege and incorporate by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts.

28) Ms. Dolan made public statements to multiple individuals that Mr. Winter was a rapist and a sex trafficker.

29) Examples of Ms. Dolan and her Influencers' statements include but are not limited to:

(a)  Plaintiffs are serial rapists with hundreds of victims;

(b)  Plaintiffs are serial rapists with thousands of victims;

(c)  Plaintiffs are murderers;

(d)  Plaintiffs are pedophiles and/or "Minor Attracted Persons";

(e)  Plaintiff is responsible for the death of Amber McCarter;

(f)  Plaintiff brought in/kidnapped runaways on multiple occasions;

(g)  Plaintiff is responsible for a claimed increase in missing children wherever he lived;

(h)  Plaintiff's book "Kaotik" is no longer sold because it is considered "child pornography";

(i)  Plaintiff drugged his ex-girlfriends;

(j)  Plaintiffs are sex traffickers;

(k)  Plaintiff chokes partners against their will and has killed people because of it and/or left them for dead;

(l)  Plaintiffs are physically abusive;

(m) Plaintiffs have prevented parties from leaving their home;

(n)  Plaintiffs have committed insurance fraud;

(o)  Plaintiffs have committed housing fraud;

(p)  Plaintiffs force others to engage in polyamory/BDSM against their will;

(q)  Plaintiffs have together and separately raped ex-girlfriends;

(r)  Plaintiffs have committed identity fraud;

(s)  Plaintiff used his career at Heartland Payment systems to find "victims";

(t)  Plaintiffs groom minors and or others; and

(u) Plaintiffs were to use their soap company to lure minors.

30) When making said statements, Ms. Dolan and her Influencers knew these allegations were false.

31) Ms. Dolan and her Influencers made these false statements only after plaintiffs began to grow a large social media presence finding success more so than that of herself and the group.

32) Due to Ms. Dolan's and her Influencers' public statements, Mr. Winter's and Ms. Hurlburt's reputations have been damaged, plaintiffs have lost significant income, Mr. Winter lost his job and subsequently his health insurance from Heartland Payment Systems, Mr. Winter's family, including his seven-year-old son, has received death threats, friends and associates of Plaintiffs have been directly and indirectly harassed on an ongoing basis by Ms. Dolan, her Influencers, and/or others acting directly or indirectly on their behalf.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt respectfully pray for judgment against Defendants, Monica Dolan, group, Facebook and TikTok for an amount in excess of $25,000.00; granting Plaintiffs mandatory injunctive relief requiring Ms. Dolan and the other Defendants to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting Plaintiffs prohibitory injunctive relief prohibiting Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating Plaintiffs private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

<div align="center">

**COUNT II**
**DEFAMATION – LIBEL**

</div>

**(MS. DOLAN)**

33) Plaintiffs reallege and incorporate by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

34) Ms. Dolan and her Influencers made public written statements to multiple individuals claiming that Mr. Winter was a rapist and sex trafficker.

35) Examples of Ms. Dolan and her Influencers's public written statements include but are not limited to:

    (a) Plaintiffs are serial rapists with hundreds of victims;

    (b) Plaintiffs are serial rapists with thousands of victims;

    (c) Plaintiffs are murderers;

    (d) Plaintiffs are comparable to Somali Pirates and/or Dictators in their number of victims and the atrocity of their actions;

    (e) Plaintiffs are pedophiles and/or "Minor Attracted Persons";

    (f) Plaintiff is responsible for the death of Amber McCarter;

    (g) Plaintiff brought in/kidnapped runaways on multiple occasions;

    (h) Plaintiff is responsible for a claimed increase in missing children wherever he lived;

    (i) Plaintiff's book "Kaotik" is no longer sold because it is considered "child pornography";

    (j) Plaintiff drugged his ex-girlfriends;

    (k) Plaintiffs are sex traffickers;

    (l) Plaintiff chokes partners against their will and has killed people because of it and/or left them for dead;

(m) Plaintiffs are physically abusive;

(n) Plaintiffs have prevented parties from leaving their home;

(o) Plaintiffs have committed insurance fraud;

(p) Plaintiffs have committed housing fraud;

(q) Plaintiffs force others to engage in polyamory/BDSM against their will;

(r) Plaintiffs have together and separately raped ex-girlfriends;

(s) Plaintiffs have committed identity fraud;

(t) Plaintiff used his career at Heartland Payment systems to find "victims";

(u) Plaintiffs groom minors and or others;

(v) Plaintiffs were to use their soap company to lure minors;

36) When making these public written statements, Ms. Dolan and her Influencers knew these allegations were false.

37) Ms. Dolan and her Influencers made these false statements without having any factual basis, and ultimately these statements are completely without merit.

38) Due to Ms. Dolan and her Influencers's public written statements, Mr. Winter's reputation has been damaged, Mr. Winter has lost significant income, Mr. Winter lost his job with Heartland Payment Systems, and Mr. Winter's family, including his seven-year-old son, has received death threats.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully pray for judgment against Defendant, Monica Dolan, for an amount in excess of $25,000.00; granting Mr. Winter mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting Mr. Winter prohibitory injunctive relief prohibiting Ms.

Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating Mr. Winter's private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

<div align="center">

**COUNT III**
**TORTIOUS INTERFERENCE WITH BUSINESS CONTRACT AND EXPECTANCY**
**(MS. DOLAN)**

</div>

39) Plaintiffs reallege and incorporate by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

40) Mr. Winter had a valid contract and business expectancy with Geek Grooming to create, market and sell men's soap products. This included a future appearance on Shark Tank

41) Mr. Winter had a valid contract and business expectancy with Heartland Payment Systems to sell financial services to small businesses.

42) Plaintiffs had a valid contract and business expectancy to act as social media influencers, content creators, advocates et al in reference to alternative relationships, LGTBQ, and BDSM related topics under Beast and the Belles LLC

43) Ms. Dolan and her Influencers had direct knowledge of plaintiffs' contract and business expectancy.

44) On or about October 1, 2020 Ms. Dolan and her Influencers began directly interfering with plaintiffs contract and business expectance in regards to Beast and the Belles LLC inducing a dramatic decline in income contrary to previous financial trends

45) On or about April 1, 2021 Ms. Dolan contacted Heartland Payment systems and intentionally interfered with the contract expectancy between Mr. Winter and Heartland

Payment systems and induced Heartland Payment systems to terminate its contract with Mr. Winter prior to the expiration of the contract.

46) On or about May 1, 2021, Ms. Dolan and her Influencers contacted Geek Grooming and intentionally interfered with the contract and business expectance between Mr. Winter and Geek Grooming and induced Geek Grooming to terminate its contract with Mr. Winter prior to the expiration of the contract.

47) Based on Ms. Dolan and her Influencers' defamatory and slanderous statements about Mr. Winter to Geek Grooming, to Heartland Payment Systems, as previously described in the Factual Allegations to all Counts and Counts I and Counts II respectively, Geek Grooming and Heartland Payment systems terminated their contract with Mr. Winter prior to the expiration of contract and Beast and the Belles LLC suffered continually increasing financial losses.

48) Ms. Dolan and her Influencers had no legal justification to contact Geek Grooming and entice Geek Grooming or Heartland Payment Systems to terminate the contract between itself and Mr. Winter.

49) Ms. Dolan and her Influencers had no legal justification to negatively affect the business, reputation or income of Beast and the Belles LLC.

50) As a direct and proximate cause of Ms. Dolan's interference with the contract between Geek Grooming and Heartland Payment Systems and Mr. Winter, in addition to the interference with Beast and the Belles LLC, Plaintiffs have suffered damages in excess of $25,000.00.

51) The actions of Ms. Dolan and her Influencers were willful, wanton, and malicious.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully pray for judgment against Defendant, Monica Dolan, for an amount in excess of $25,000.00; granting Mr. Winter mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting Mr. Winter prohibitory injunctive relief prohibiting Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating Mr. Winter's private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT IV
## INVASION OF PRIVACY: PUBLICATION OF PRIVATE FACTS
## (MS. DOLAN)

52) Plaintiffs reallege and incorporates by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

53) Through social media, absent any valid waiver or legitimate privilege, Ms. Dolan and her Influencers gave unwanted and unreasonable publicity to Mr. Winter and Alexandria Hurlburt's private matters and concerns.

54) Mr. Winter and Ms. Hurlburt are sufficiently identifiable as being the subject of Ms. Dolan's social media posts, which include several photographs of Mr. Winter and Alexandria Hurlburt and repeated reference to Mr. Winter and Alexandria Hurlburt's name, address, phone number and other identifying information.

55) The unreasonable publicity created by Ms. Dolan and her Influencers targets and focuses, in meaningful part, on private matters over which the public has no legitimate concern.

56) Ms. Dolan and her Influencers' social media posts include discussions of private events which do not touch the sphere of public interest, including but not limited to:

   (a) Plaintiffs' home address;

   (b) Plaintiffs' phone numbers;

   (c) Plaintiffs' email addresses;

   (d) Plaintiffs' family members names, addresses and phone numbers;

   (e) Plaintiffs' seven (7) year old son's name and address;

   (f) Disclosure publically of consensual sexual acts engaged in by Plaintiffs and others;

   (g) Personal fetishes of Plaintiffs;

   (h) Private romantic conversations of Plaintiffs; and

   (i) Private photos and videos created by Plaintiffs for their personal use.

57) The private matters which Ms. Dolan publicized included the type that would bring shame or humiliation to a person of ordinary sensibilities in Mr. Winter's position.

58) The private facts which Ms. Dolan and her Influencers publicized included plaintiffs address, phone number, and/or other identifying information which would induce fear and emotional distress to a person of ordinary sensibilities in plaintiffs position.

59) Ms. Dolan and her Influencers disseminated these private facts through the Internet, reaching a large audience throughout the State of Missouri and worldwide.

60) Ms. Dolan and her Influencers' actions complained of herein are extreme and outrageous, going beyond all bounds of decency by unreasonably intruding into and exposing to the public intimate details of Plaintiff's life.

61) Ms. Dolan and her Influencers' actions complained of herein constitute a serious, unreasonable, unwarranted, and offensive interference with Mr. Winter's right to privacy.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully prays for judgment against Defendants, Monica Dolan and group, for an amount in excess of $25,000.00; granting Mr. Winter mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting plaintiffs prohibitory injunctive relief prohibiting Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating plaintiffs private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT V
## INVASION OF PRIVACY: FALSE LIGHT
## (MS. DOLAN)

62) Mr. Winter realleges and incorporates by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

63) Ms. Dolan and her Influencers' social media posts unreasonably place plaintiffs in a false light before the public.

64) Ms. Dolan and her Influencers' social media posts and other defamatory actions constitute a major misrepresentation of Plaintiffs character, history, activities, and beliefs.

65) The false light in which plaintiff has been placed would be highly offensive to a reasonable person.

66) At all times relevant, Ms. Dolan was and is aware that plaintiffs would reasonably be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity created by her social media posts and other defamatory actions.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully prays for judgment against Defendant, Monica Dolan, for an amount in excess of $25,000.00; granting plaintiffs mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting plaintiffs prohibitory injunctive relief prohibiting Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating plaintiffs private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances

<div align="center">

**COUNT VI**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(MS. DOLAN)**

</div>

67) Plaintiffs reallege and incorporates by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts

68) Ms. Dolan and her Influencers intentionally and knowingly made false statements to the public, as previously described in Count I, Count II, Count III, Count IV, and Count V, respectively.

69) The actions and conduct of Defendants and group were extreme and outrageous.

70) The actions and conduct of Defendants were the cause of plaintiffs harm and damages, including but not limited to:

(a) Dolan contacting the Clinton County Showcase to spread her false information and false accusations that prevented Mr. Winters from performing Rock of Ages.

(b) Dolan contacting Looking Glass Playhouse to spread her false information and false accusations that prevented Mr. Winters from performing Rock of Ages.

(c) constant and persistent fear of violent action directly/or indirectly by Ms. Dolan, group, or someone who believed their false statements;

(d) re-emergence of Ms. Hurlburt's PTSD and other emotional distress being a former victim of stalking/harassment/violent threats;

(e) dramatic increase in Ms. Hurlburt's epilepsy (complicated by stress/exhaustion) causing further short term and potential long term harm and/or serious permanent harm up to and including potential fatal repercussions;

(f) resurgence of previous emotional trauma caused by the loss of a beloved friend of Mr. Winter to a drug overdose after Ms. Dolan falsely insinuated Mr. Winter was responsible on the anniversary of her death causing Mr. Winter to suffer an anxiety attack/emotional episode; and

(g) Plaintiffs needing counseling for potential long term side effects caused by the persistent fear of violence, being stalked.

71) As a direct and proximate cause of Ms. Dolan and her Influencers' actions and conduct, plaintiffs were damaged.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully prays for judgment against Defendants, Monica Dolan and group, for an amount in excess of $25,000.00; granting plaintiffs mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting plaintiffs prohibitory injunctive relief prohibiting Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating plaintiffs private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

<div align="center">

**COUNT VII**
**NEGLIGENCE PER SE: STALKING**
**(MS. DOLAN)**

</div>

72) Plaintiffs reallege and incorporate by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

73) The Missouri stalking, harassment, and unlawful posting of certain information over the internet laws are designed to protect citizens within the State of Missouri from individuals who stalk and harass.

74) Ms. Dolan and her Influencers violated Section 565.225 of the Missouri Revised Statutes, which restricts a person from disturbing or following with the intent of disturbing another person and making a threat communicated with the intent to cause the person who is the target of the threat reasonably fear for his safety or the safety of his family.

75) Plaintiffs are a member of the class of persons intended to be protected by this Statute.

76) Plaintiffs injuries were of a kind the statutes and ordinances were designed to prevent.

77) As a direct and proximate cause of the Defendant's violations of Missouri law, plaintiffs sustained injuries, loss of income, medical bills, pain and suffering, and other damages.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully prays for judgment against Defendants, Monica Dolan and group, for an amount in excess of $25,000.00; granting plaintiffs mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting plaintiffs prohibitory injunctive relief prohibiting Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating plaintiffs private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

<div align="center">

**COUNT VIII**
**NEGLIGENCE PER SE: HARASSMENT**
**(MS. DOLAN)**

</div>

78) Plaintiffs reallege and incorporates by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

79) The Missouri harassment laws are designed to protect citizens within the State of Missouri from individuals who stalk and harass.

80) Ms. Dolan and her Influencers violated Section 565.090 of the Missouri Revised Statutes, which restricts a person from engaging in any act with the purpose to cause emotional distress to another person.

81) Plaintiffs have suffered emotional distress as a result of Ms. Dolan's harassment and stalking.

82) Plaintiffs are a member of the class of persons intended to be protected by this Statute.

83) Plaintiff's injuries were of a kind the statutes and ordinances were designed to prevent.

84) As a direct and proximate cause of the Defendant's violations of Missouri law, plaintiffs sustained injuries, loss of income, medical bills, pain and suffering, and other damages.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully prays for judgment against Defendant, Monica Dolan, for an amount in excess of $25,000; granting plaintiffs mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting plaintiffs prohibitory injunctive relief prohibiting Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating plaintiffs private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT IX
## NEGLIGENCE PER SE: UNLAWFUL POSTING OF CERTAIN INFORMATION OVER THE INTERNET
## (MS. DOLAN)

85) Plaintiffs reallege and incorporates by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

86) The Missouri unlawful posting of certain information over the internet laws are designed to protect citizens within the State of Missouri from individuals who stalk and harass.

87) Ms. Dolan and her Influencers violated Section 565.240 of the Missouri Revised Statutes, which restricts a person from posting certain information over the internet, including name, home address, Social Security number, or telephone number while intending to cause great bodily harm or death, or threatening to cause great bodily harm or death to such person.

88) Ms. Dolan and her Influencers intend and has threatened to cause great bodily harm to both Mr. Winter and his family.

89) Plaintiffs are a member of the class of persons intended to be protected by this Statute.

90) Plaintiffs injuries were of a kind the statutes and ordinances were designed to prevent.

91) As a direct and proximate cause of the Defendant's violations of Missouri law, Mr. Winter sustained injuries, loss of income, pain and suffering, and other damages.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully prays for judgment against Defendants, Monica Dolan and group, for an amount in excess of $25,000.00; granting plaintiffs mandatory injunctive relief requiring Ms. Dolan and her Influencers to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines, granting plaintiffs prohibitory injunctive relief prohibiting

Ms. Dolan and her Influencers from re-publishing any and all harmful posts or otherwise publicly disseminating plaintiffs private information; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT X
## GROSS NEGLIGENCE
## (FACEBOOK AND TIKTOK)

92) Plaintiffs reallege and incorporate by reference, as if more fully stated herein, the allegations in the Factual Allegations to all Counts and all prior Counts.

93) Facebook and TikTok owed Mr. Winter a duty to take down any false abusive posts and/or any post containing personal identifying information of Mr. Winter for the purpose of stalking and harassment, including, but not limited to, plaintiffs address and phone number.

94) Facebook and TikTok breached said duty when both companies refused to take down any false abusive posts and/or any posts containing personal identifying information of Mr. Winter for the purpose of stalking and harassment, including, but not limited to, plaintiffs address and phone number.

95) But for Facebook and TikTok's failure to take down the false abusive posts and/or posts containing plaintiffs personal identifying information for the purposes of stalking and harassment, Plaintiffs have suffered a significant loss of reputation, significant loss of income, has received death threats against him and his family, including Mr. Winter's seven-year-old son, and has suffered severe emotional distress.

96) Plaintiffs injuries were a foreseeable consequence of Facebook and TikTok's refusal to take down the false abusive posts and/or posts containing plaintiffs personal identifying information for the purposes of stalking and harassment.

97) As a direct and proximate cause of Facebook and TikTok's failure to take down the false abusive posts and/or posts containing plaintiffs personal identifying information for the purposes of stalking and harassment, plaintiffs sustained damages in an amount in excess of 500,000.00.

98) Facebook and TikTok's actions were willful, wanton, malicious, and without regard for the rights of plaintiffs.

**WHEREFORE**, Plaintiffs, Elliot Winter and Alexandria Hurlburt, respectfully prays for judgment against Defendants, Facebook, Inc. and TikTok, for an amount in excess of 25,000.00; granting plaintiffs mandatory injunctive relief requiring Facebook and TikTok to take all actions necessary to remove the harmful posts from the Internet and de-index any and all harmful posts from Internet search engines; post-judgment interest; costs for suit incurred herein, including but not limited to, attorney's fees, court costs, process serving fees; and for such other and further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

HOWARD HAAKE, LLC

By: _____

Derek R. Haake, #64301

511 W. Pearce Blvd.
Wentzville, MO 63385
Office: (636) 332-5555
derek@howardhaake.com
*Attorney for Plaintiff*