UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELLIOT WINTER, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:21-CV-01046 JAR |
| | ) |
| MONICA DOLAN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On July 9, 2021, Plaintiffs Elliot Winter and Alexandria Hurlburt ("Plaintiffs") filed this action against Defendants Facebook, Inc. ("Facebook"); TikTok Inc., TikTok PTE Ltd., Bytedance Ltd., and Bytedance Inc. ("TikTok"); and Monica Dolan ("Dolan"), in the Circuit Court of St. Louis City, Missouri. See Elliot Winter, et al. v. Facebook, Inc., et al., Case No. 2122-CC08817 (22nd Jud. Cir.). Plaintiffs asserted claims against Dolan for defamation – slander (Count I); defamation – libel (Count II); tortious interference with business contract and expectancy (Count III); invasion of privacy (Count IV); false light (Count V); intentional infliction of emotional distress (Count VI); stalking (Count VII); harassment (Count VIII); and unlawful posting of certain information over the internet (Count IX); and a single claim of "gross negligence" against Facebook and TikTok (Count X). Facebook, with TikTok's consent, removed the case to this Court on August 20, 2021 based on diversity jurisdiction. Plaintiffs did not move to remand or otherwise challenge jurisdiction. Facebook and TikTok then moved to dismiss.

On November 22, 2021, the Court dismissed Facebook and Tiktok after concluding that

1

Plaintiffs' claim against them was barred by § 230 of the Communications Decency Act ("CDA"). (Doc. No. 26). The Court subsequently dismissed Defendants TikTok PTE Ltd., Bytedance Ltd., and Bytedance Inc. since Plaintiffs' complaint made no allegations against these entities and none of them had been served. (Doc. No. 30). Dolan is the sole remaining defendant. Dolan, proceeding pro se, filed her answer to Plaintiffs' complaint on December 20, 2021. (Doc. No. 28).

In every federal case the court must be satisfied it has jurisdiction before it turns to the merits of other legal arguments. Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Here, Plaintiffs allege that Dolan, a resident of Snohomish County in the State of Washington, "left her residence in Washington and as of the date of the filing of the [complaint] is presently residing in the State of Missouri for the sole purpose to harass, chastise and engage in other illegal conduct to damage Plaintiff in this lawsuit." (Compl. at ¶¶ 4, 10). This allegation is inadequate to establish with certainty Dolan's citizenship for purposes of diversity jurisdiction. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a).

Under certain circumstances the Court may in its discretion give a party an opportunity to amend the complaint to cure pleading deficiencies. However, given the unusual circumstances in this case, involving a pro se defendant and allegations that are largely conclusory, the Court declines to do so. For these reasons, the Court will dismiss the case without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice**.

Dated this 21st day of January, 2022.

*[signature]*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**